# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:**<br><br>TOM GOODRICH,<br><br>   **Debtor.** | **Bankruptcy Case No. 03-42078** |

_____

| | |
|---|---|
| DEAN STOKES, et al.<br><br>   **Plaintiffs,**<br><br>**vs.**<br><br>TOM GOODRICH, an individual,<br><br>   **Defendant.** | **Adv. No. 04-6033** |

_____

| | |
|---|---|
| TOM GOODRICH, an individual,<br><br>   **Third Party Plaintiff,**<br><br>**vs.**<br><br>EAGLE ROCK ACCEPTANCE LTD., CO., an Idaho Limited Liability Company, et al.,<br><br>   **Third Party Defendants.** | |

MEMORANDUM OF DECISION - 1

_____

| EAGLE ROCK ACCEPTANCE, LTD., CO., an Idaho Limited Liability Company, et al. |
|---|
| **Third Party Defendants/ Third Party Plaintiffs,** |
| vs. |
| DEAN STOKES, et al., |
| **Plaintiffs/Third Party Defendants.** |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

      Connie Hafen, Gary Stokes, Dean Stokes, Bill Allen, Dale Wolfley, Cecil Cooper and Ray Stokes, Pro Se Plaintiffs.

All seven *pro se* Plaintiffs in this action have filed motions with the Court to substitute Mrs. Teddy Goodrich for *pro se* Defendant Tom Goodrich based on the suggestion that Defendant has died. Docket Nos. 112, 114, 116, 118. The Court conducted a consolidated hearing on the motions on July 26, 2005, at which all Plaintiffs appeared either in person or telephonically. Neither Defendant nor Mrs. Goodrich appeared. The Court's findings of fact and conclusions of law follow. Fed. R. Bankr. P. 7052; 9014.

MEMORANDUM OF DECISION - 2

## FACTS

The Court's understanding of the relevant facts comes from its own file in this matter and the assertions made by Plaintiffs at the hearing. No Plaintiff offered any evidence or testimony, but none of the material facts appear disputed.

On April 25, 2005, the Court received a short letter via facsimile from the Charleston County Health Department in South Carolina. This letter indicated Defendant had died there on March 10, 2005. Based on this information, the Court entered an order the same day, instructing the parties that it would allow them fourteen days to dispute the fact that Defendant had actually died. Absent any such dispute, the Order indicated that the Court would consider Defendant to be deceased, and would proceed as contemplated by Fed. R. Civ. P. 25. Order, Docket No. 103. No party challenged the fact that Defendant was deceased within the prescribed time.

On June 27, Plaintiff Connie Hafen filed a motion to substitute Mrs. Teddy Goodrich for Defendant Tom Goodrich. Docket No. 112. In her motion, Ms. Hafen alleges Defendant is deceased, Mrs. Goodrich has possession of Defendant's estate, and that Mrs. Goodrich is the "logical" person to be substituted for Defendant. Although not expressly claimed, the implication is that

Mrs. Goodrich is Defendant's wife and the personal representative of Defendant's probate estate.

On July 1, Plaintiff Gary Stokes filed his motion to substitute Mrs. Goodrich for Defendant. Docket No. 114. This motion is identical to Ms. Hafen's motion. Plaintiffs Bill Allen, Cecil Cooper, Dean Stokes, and Dale Wolfley collectively filed a substantially identical motion on July 7, Docket No. 116, as did the remaining Plaintiff, Ray Stokes, on July 12, Docket No. 118.

At the motion hearing, at least two Plaintiffs expressed doubt that Defendant was in fact deceased, speculating that Defendant instead may have staged his death as part of a ruse to defeat Plaintiffs' claims in this action and to evade other creditors. No competent evidence was offered to support this assertion. Several of the Plaintiffs also expressed their belief that Defendant was married to Mrs. Goodrich, who they say also uses the name Claudine Palmer. Plaintiffs presented no proof of these allegations either.

## DISCUSSION

Plaintiffs' motions are made pursuant to Fed. R. Civ. P. 25(a), applicable in this adversary proceeding via Fed. R. Bankr. P. 7025. Rule 25(a) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the

MEMORANDUM OF DECISION - 4

> *proper parties*. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a) (emphasis added).

While courts have observed that Rule 25 should be liberally interpreted to effectuate its purpose, flexibility in substitution, *see Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988) (citing *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969)), the trial court has discretion to grant or deny a motion to substitute, *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3rd Cir. 1994). In general terms, Rule 25 represents a mechanism to give the parties to an action notice that, because of the death of an opposing party, if they do not act they may lose legal rights (*e.g.*, the case will be dismissed). *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469–70 (2d Cir. 1998) ("Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party."). Obviously, a court's exercise of discretion

MEMORANDUM OF DECISION - 5

under Rule 25 is guided in part by whether it is the plaintiff or defendant who has died and which party files the suggestion of death.

For example, in *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961–963 (4th Cir. 1985), the court held that when a personal representative had been appointed for the decedent/plaintiff's probate estate, the defendant must personally serve the probate representative with the suggestion of death before the ninety-day period begins to run. This requirement ensured that any rights belonging to the deceased plaintiff's probate estate by virtue of the pending lawsuit were not lost without granting the personal representative an opportunity to pursue those rights.

Similarly, in *Al-Jundi v. Rockefeller*, 88 F.R.D. 244, 246–47 (W.D.N.Y. 1980), the court held that a suggestion of death filed by counsel for the decedent/defendant, which did not name the appointed representative of the probate estate, did not trigger the ninety-day period for the plaintiff. This holding prevented the defense from benefitting by failing to disclose crucial information available to it, and placing an unfair burden on the opposing party to identify, locate and serve the representatives. *See also Rende*, 415 F.2d at 986 (noting it would also be unfair, when no probate representative has been appointed for the deceased defendant, to place the burden on a plaintiff to "institut[e] machinery in

MEMORANDUM OF DECISION - 6

order to produce some representative of the estate ad litem, pending appointment of the representative contemplated by law of the domicile of the deceased.").

However, there are limits to the flexibility of Rule 25. Only a "proper party" may be substituted. Depending upon the particular circumstances of a case, this may include a representative of the deceased party's probate estate, a distributee of the decedent's assets, or some other person or entity. At least two circuit courts have acknowledged that identifying a proper party for substitution may take more than the ninety days provided in Rule 25. *Banerjee*, 138 F.3d at 470 (holding that a court may enlarge the time frame under Rule 25 pursuant to Fed. R. Civ. P. 6); *Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 411 (11th Cir. 1996) (holding only the motion to substitute must be filed within ninety days of the suggestion of death; actual substitution may occur later and the court may set a different time to accomplish that). These cases support the notion that a trial court may allow a reasonable period for a litigant to locate the correct party to be substituted and make the necessary showing to the court to prove that fact.

Here, the Court invoked the application of Rule 25 by issuing its own Order on April 25. *See First Idaho Corp. v. Davis*, 867 F.2d 1241, 1242–43 (9th Cir. 1989) (holding that the trial judge has the power to recognize the death of a litigant). Because Defendant was the litigant suspected of having died,

MEMORANDUM OF DECISION - 7

dismissing the case would affect Plaintiffs' rights. Therefore, the Court served its order on all Plaintiffs to advise them that their failure to act could prejudice their claims against Defendant. Despite receiving the Court's Order of April 25, no party timely disputed the suggestion that Defendant was indeed deceased. The Court therefore concludes that Defendant had died.

Plaintiffs' motions to substitute Mrs. Goodrich as the defendant in this action were all timely under the Rule and the Court's order. What is lacking, however, is an adequate factual basis to support the motions.

None of the Plaintiffs have provided the Court with competent, credible evidence establishing that Mrs. Teddy Goodrich is a proper party for substitution in this action. The Court has no way to know whether Teddy Goodrich is Defendant's wife, whether she is a representative of Defendant's probate estate (assuming Tom Goodrich has a probate estate), or whether she qualifies as a proper party for some other reason. Indeed, Plaintiffs were not even confident as to Defendant's wife's name: they say it might be Teddy Goodrich or it might be Claudine Palmer. And even if the true identity of Defendant's wife was established, some other person may be the personal representative of Defendant's probate estate, or otherwise be a more appropriate party to substitute as the defendant in this action.

MEMORANDUM OF DECISION - 8

Plaintiffs have failed to establish that Teddy Goodrich should be substituted. But rather than dismiss Plaintiffs' motions for lack of evidence, in light of the general purpose of Rule 25, the Court is inclined to follow the approach of *Banerjee* and *Escareno* discussed above. In the exercise of its discretion, the Court will allow Plaintiffs an additional thirty (30) days from the date of this Decision to submit competent proof in writing to the Court to demonstrate that Teddy Goodrich (or some other party) is a proper party for substitution. If they fail to satisfy this burden, the Court will likely dismiss this action.

## CONCLUSION

Though Plaintiffs are probably at a disadvantage in this complex litigation because they lack counsel, as the Court has previously cautioned them, the Court cannot assist them in prosecution of the action. Instead, as stated above, the Court will allow Plaintiffs thirty (30) days from the date of this Decision to prove to the Court who (if anyone) should be substituted for Defendant. If Plaintiffs fail to make an adequate showing within the prescribed time, the Court will dismiss this action with prejudice.[1]

---

[1] Another issue waits in the wings presuming Plaintiffs can establish a proper party exists to substitute for the late Mr. Goodrich. Under Rule 25, substitution may be allowed only if Plaintiffs' claims have not been extinguished by Defendant's death. Whether Plaintiffs' claims against Defendant under 11 U.S.C. §§ 523 and 727 survived

MEMORANDUM OF DECISION - 9

Dated: August 4, 2005

*[signature]*

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

Defendant's passing is, in the Court's view, an unresolved question at this stage of the litigation. But it is a question that Plaintiffs will eventually have to address assuming they decide to go forward with this action. *Compare Hawkins v. Eads* (*In re Eads*), 135 B.R. 380, 385–86 (Bankr. E.D. Cal. 1991) (discussing why a § 727 claim does not abate upon the debtor's death), *with Wladyka v. Wells* (*In re Wells*), 285 B.R. 921, 922–23 (Bankr. W.D. Tex. 2002) (dismissing §§ 523 and 727 claims upon the death of debtor/defendant "[b]ecause there is no substantive relief that could be given to the plaintiff as a result of the death of the defendant prior to the entry of a discharge . . . ."). Despite the importance of this issue, because the Court did not expressly raise it earlier, and in the absence of any briefing, the Court declines to resolve it now.

     Moreover, the Court expresses no opinion regarding whether there is any practical benefit to Plaintiffs' from pursuing this matter. Mr. Goodrich was bankrupt and it seems questionable there any significant assets Plaintiffs could reach with a judgment. But Plaintiffs themselves must decide whether it is prudent to invest the time and resources necessary to continue this cause.

MEMORANDUM OF DECISION - 10