# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br><br> TOM GOODRICH, <br><br> **Debtor.** | **Bankruptcy Case No. 03-42078** |

_____

| | |
|---|---|
| DEAN STOKES, et al. <br><br> **Plaintiffs,** <br><br> **vs.** <br><br> TOM GOODRICH, an individual, <br><br> **Defendant.** | **Adv. No. 04-6033** |

_____

TOM GOODRICH, an individual,

    **Third Party Plaintiff,**

**vs.**

EAGLE ROCK ACCEPTANCE LTD., CO., an Idaho Limited Liability Company, et al.,

    **Third Party Defendants.**

_____

SUPPLEMENTAL MEMORANDUM OF DECISION - 1

EAGLE ROCK ACCEPTANCE, LTD., CO., an Idaho Limited Liability Company, et al.

**Third Party Defendants/ Third Party Plaintiffs,**

vs.

DEAN STOKES, et al.,

**Plaintiffs/Third Party Defendants.**

_____

### SUPPLEMENTAL MEMORANDUM OF DECISION
_____

### Background

The Court conducted a consolidated hearing on July 26, 2005, concerning *pro se* Plaintiffs' motions to substitute Mrs. Teddy Goodrich for the deceased *pro se* Defendant, Chapter 7 Debtor Tom Goodrich. On August 4, 2005, the Court entered a Memorandum of Decision wherein it made certain factual findings and concluded that Plaintiffs had not adequately shown that Ms. Goodrich was the "proper party" under Fed. R. Civ. P. 25[1] to substitute for Mr.

---

[1] Fed. R. Civ. P. 25 is made applicable in adversary proceedings by Fed. R. Bankr. P. 7025. Rule 25 allows the Court discretion to substitute the "proper party" for a party who has died, so long as the claim is not extinguished as a result of the party's death.

SUPPLEMENTAL MEMORANDUM OF DECISION - 2

Goodrich in this action. Mem. Decision, Docket No. 122. The Court allowed Plaintiffs additional time to submit proof as to who, if anyone, should be substituted for Defendant. The Court cautioned that in the absence of such proof, it would dismiss the action with prejudice. *Id.* at 9.

Plaintiffs Connie Hafen and Gary Stokes filed affidavits containing additional information concerning Ms. Goodrich. Docket Nos. 123–125. However, after reviewing the affidavits, the Court concludes this action should be dismissed. What follows constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

### Facts

The Court's prior Memorandum of Decision sets forth the facts relevant to Plaintiffs' motions. Docket No. 122. Plaintiff Connie Hafen's motion alleges that Ms. Goodrich is Defendant's wife, thereby implying that she is the personal representative of Defendant's probate estate and that she has possession of certain assets of that estate. Docket No. 112. The remaining Plaintiffs, in substantially identical motions to substitute, join Ms. Hafen's position. Docket Nos. 114, 116, 118.

In her affidavit filed on August 17, 2005, Docket No. 123, Ms. Hafen submits a certified copy of a motor vehicle report regarding a certain Ford

SUPPLEMENTAL MEMORANDUM OF DECISION - 3

Taurus allegedly owned by Defendant. The Certificate of Title for the car shows that "Thomas L. Goodrich," residing at 1462 Three Fountains Drive, Idaho Falls, Idaho owned a 1999 Ford Taurus. "T. Claudean Palmer," who the Certificate indicates also resided at 1462 Three Fountains Drive in Idaho Falls, Idaho, applied to transfer the Certificate of Title into her name as the purchaser of the vehicle. In conjunction with the request to apply for the new title certificate, Ms. Palmer completed an "Affidavit of Inheritance," a form maintained by the Idaho Transportation Department, wherein she identified herself as the "spouse/widow" of the deceased Thomas Goodrich and signed an affidavit certifying, among other things, that she is a "survivor or heir" of the deceased and that the deceased died intestate.

In his bankruptcy petition and schedules, Defendant listed his address as 1462 Three Fountains Drive in Idaho Falls, Idaho. He claimed a 50% ownership interest in a 1999 Ford Taurus. Docket No. 1, Bankr. Case No. 03-42078. Ms. Hafen and Mr. Stokes argue, by implication, that the motor vehicle records prove Ms. Claudean Palmer is Defendant's widow and sole surviving heir, and that by taking possession of Defendant's property, namely his interest in the car, that she is the proper party to be substituted in this adversary proceeding. Aff.

SUPPLEMENTAL MEMORANDUM OF DECISION - 4

of Stokes ¶ 8, Docket No. 124; Aff. of Hafen ¶¶ 1–6, Docket No. 123; Aff. of Hafen ¶ 16, Docket No. 125.[2]

## Disposition

In its Memorandum of Decision, the Court explained that Plaintiffs had not given the Court sufficient, competent or credible evidence establishing that Mrs. Teddy Goodrich, a/k/a "Claudine Palmer," should be substituted for the late Mr. Goodrich in this action. Mem. of Decision at 8–9, Docket No. 122. The Court then gave Plaintiffs an additional opportunity to produce such evidence. Plaintiffs have failed to do so.

While Fed. R. Civ. P. 25 grants the Court flexibility in deciding whether substitution should be allowed, *see Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988) (citing *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969)), only a "proper party" may be substituted. Fed. R. Civ. P.

---

[2] The Court will not recite the other information contained in the three affidavits filed by Ms. Hafen and Mr. Stokes, even though the Court carefully reviewed the material submitted. Much of this other information amounts to inadmissible hearsay, and Plaintiffs offered no authority to show it is reliable. *See e.g.*, Aff. of Hafen ¶¶ 2, 5, 6, 14, Docket No. 125 (relating what third parties said to or were told by others). Other portions of the testimony contained within the affidavits do not appear to be based upon the personal knowledge of the affiants. *See e.g.*, Aff. of Stokes ¶ 7, Docket No. 124 (describing the actions of Ms. Palmer without relating how he knew of the event). Moreover, most of this information is not relevant to deciding Plaintiffs' motions and instead relates either to Plaintiffs' claims that Ms. Palmer allegedly violated the automatic stay by taking possession of Defendant's possessions after his death, or the fraud allegations in Plaintiffs' complaint. *See e.g.*, Aff. of Hafen ¶¶ 3–12, Docket No. 125.

SUPPLEMENTAL MEMORANDUM OF DECISION - 5

25(a)(1). One decision recently summarized the position of the majority of courts, including those within this Circuit, that a "proper party" for purposes of Fed. R. Civ. P. 25 requires the substitution of the deceased's "legal representative," *i.e.*, an executor or administrator of a deceased party's estate, or in the case of a probate estate that has already been distributed, the distributee of the estate. *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. 97-5044, 2002 WL 32388132, at *2 (E.D. Cal. June 3, 2002) (citing *Sinito v. U.S. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999)). *See also Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) (concluding that the plain language of Rule 25(a)(1) applies "only to the substitution of legal representatives.").[3] In its previous ruling, the Court explained the Rule's requirements. Mem. of Decision at 7–8, Docket No. 122.

Construing the evidence in a light most favorable to the Plaintiffs, at best they have shown that someone named Claudean Palmer represented to the

---

[3] Other courts have come to a similar conclusion. In a comprehensive written opinion discussing, among other issues, the substitution of the defendant's wife for her late husband, the Hawaii Supreme Court in *Roxas v. Marcos*, 969 P.2d 1209, 1238–39 (Haw. 1998), analyzed Hawaii's equivalent to Fed. R. Civ. P. 25. As there was no authority interpreting Hawaii's rule, the court conducted an exhaustive analysis of how other state and federal courts interpreted similar rules. The Hawaii court noted that the majority of courts, including those in the Ninth Circuit, restricted the substitution of the parties in the event of death to the deceased's legal representative, "meaning the judicially appointed representative," and noted that only one narrow exception to the foregoing rule exists so as to allow the substitution of the primary distributee of an already-distributed estate. *Roxas*, 969 P.2d at 1238–39. The court did not, therefore, allow Mrs. Marcos to substitute for her late husband simply because she was his wife. *Id.* at 1237.

SUPPLEMENTAL MEMORANDUM OF DECISION - 6

Idaho Department of Motor Vehicles that she was Defendant's surviving spouse and his heir, that Defendant died intestate, and that Ms. Palmer therefore believes she is entitled to record title to a Ford Taurus previously titled in Defendant's name.[4] Even making this conclusion, however, does not help Plaintiffs because it does not prove that Ms. Palmer is Defendant's "legal representative." For Plaintiffs to prove that Ms. Palmer is Defendant's legal representative, they would have to produce admissible and competent evidence that she has been appointed by a court or by law to administer Defendant's assets upon his death. That Ms.

---

[4] This is an extremely liberal interpretation of the limited evidence. While a certified copy of the motor vehicle title records may, "if otherwise admissible," be offered as evidence, *see* Fed. R. Evid. 1005 (allowing certified copies of official records to be admitted), Plaintiffs are offering the records to prove the truth of the matters asserted by Ms. Palmer within the records themselves. The statements made by Ms. Palmer in the Affidavit of Inheritance are therefore hearsay under Fed. R. Evid. 801(c), as the statements were made outside the proceedings in which they are offered to prove the truth of the matters asserted therein. *See Stroud v. Cook*, 931 F.Supp. 733, 735 (D. Nev. 1996) (explaining that a certified copy of a judgment of conviction for a misdemeanor offered to prove the guilt of a defendant in other proceedings constitutes hearsay) (citing *United States v. Abascal*, 564 F.2d 821, 830 (9th Cir. 1977), *cert denied*, 435 U.S. 953 (1978)). Arguably, the motor vehicle records, including the affidavit Ms. Palmer completed, may be admissible under Fed. R. Evid. 803(15) as statements purporting to establish or affect an interest in property. *United States v. Boulware*, 384 F.3d 794, 807 (9th Cir. 2004) (explaining that Fed. R. Evid. 803(15) allows the admission of hearsay statements contained within a document that affects an interest in property, if the statements are relevant to the purpose of the document). However, under that exception to the hearsay rule it is not clear whether the statements made by Ms. Palmer would be admissible only to the extent they show what happened to Defendant's car, and inadmissible to prove the truth of the matters Ms. Palmer stated within the affidavit itself. Plaintiffs in this case are attempting to use the affidavit to prove the truth of Ms. Palmer's statements, not just to show what happened to the car.

SUPPLEMENTAL MEMORANDUM OF DECISION - 7

Palmer may have been authorized under Idaho law to transfer title to a car previously owned by Defendant is insufficient to show she is his "legal representative."

Nor have Plaintiffs shown that the exception to the general rule applies. In cases where a decedent's entire estate has been distributed, the primary recipient can perhaps be substituted. But that would require Plaintiffs to prove to the Court that all of the assets in Defendant's estate have been distributed upon his death, and that Ms. Palmer was the primary recipient of that distribution. Again, all Plaintiffs have shown is that Ms. Palmer may have received Defendant's car after his death.

## Conclusion

The Court cautioned Plaintiffs that by representing themselves, they may suffer a great disadvantage in this complex litigation. In acting *pro se*, they are held to the same standards as attorneys, and the Court is under no obligation to advocate for, or otherwise assist them. *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (citing *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977)). The Court has given Plaintiffs an adequate opportunity to show that while

SUPPLEMENTAL MEMORANDUM OF DECISION - 8

Mr. Goodrich has died, this action should continue[5] as against some appropriate substituted party. They have not shown that substitution should occur.

Plaintiffs' complaint and the other claims asserted in this action will be dismissed by separate order.[6]

Dated: September 28, 2005

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[5] While it harbors serious concerns, the Court does not reach whether an action to determine the dischargability of debts survives the death of the debtor. *See* Mem. of Decision at 9 n.1, Docket No. 122 (explaining that substitution of a party may only be allowed if the claims have not been extinguished by the party's death).

[6] The claims of all the parties will be dismissed, including those made by the third party complainants, Docket Nos. 2 and 11. Under Fed. R. Civ. P. 13(i), made applicable by Fed. R. Bankr. P. 7013, if the claims of the opposing party have been dismissed, the Court can enter a separate judgment on a counterclaim only if the court has ordered separate trials and the court has jurisdiction to hear the case. Here, the Court never ordered a separate trial on the counterclaims. The third party plaintiffs sought indemnification if Plaintiffs were successful in proving the debts Defendant owed to them were nondischargeable; thus the indemnification claims were dependent upon a finding in Plaintiffs' favor. Upon dismissal of Plaintiffs' nondischargeability complaint, the indemnification claims asserted in the third party complaints become moot.

SUPPLEMENTAL MEMORANDUM OF DECISION - 9